FILED

MAY 29 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **4:19CR00411 RLW/JMB** |
| | ) | |
| v. | ) | No. |
| | ) | |
| KEVIN BOLES a/k/a "KEV," | ) | Counts One and Two |
| RITA ARAMYAN, | ) | Counts One, Two, and Three |
| ANDRA SUDLER, | ) | Counts One and Two |
| DEVONTE BOLES a/k/a "LIL CUZ," | ) | Counts One and Two |
| SULTAN SAYEGH, | ) | Counts One and Two |
| NADER ZANNAD, | ) | Counts One and Two |
| DESTIN WHITE a/k/a "YOWDA," | ) | Counts One and Two |
| MELANIE GUY, | ) | Counts One and Two |
| ASHLEY PARE, | ) | Counts One and Two |
| BRAYHONNA HARRIS, | ) | Counts One and Two |
| JUSTINE BARBOZA a/k/a "JUSTIN," | ) | Counts One and Two |
| DYMOND GOODS, | ) | Counts One and Two |
| RAJAYEE SAYEGH, | ) | Count Two |
| ELI ABRAHAM, and | ) | Count Two |
| KEVORK ELROUMI, | ) | Count One |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

### COUNT ONE
**(21 U.S.C. § 846)**

The Grand Jury charges that:

1.  Beginning at a time unknown, but including April 2013 and continuing thereafter to the date of this Indictment, in the Eastern District of Missouri, the District of Nevada, and elsewhere,

**KEVIN BOLES a/k/a "KEV,"**
**RITA ARAMYAN,**
**ANDRA SUDLER,**
**DEVONTE BOLES a/k/a "LIL CUZ,"**

1

**SULTAN SAYEGH,**
**NADER ZANNAD,**
**DESTIN WHITE a/k/a "YOWDA,"**
**MELANIE GUY,**
**ASHLEY PARE,**
**BRAYHONNA HARRIS,**
**JUSTINE BARBOZA a/k/a "JUSTIN,"**
**DYMOND GOODS, and**
**KEVORK ELROUMI,**

the defendants herein, did knowingly and willfully conspire, combine, confederate and agree with each other, JUAN CHASE, and with other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

Quantity of Marijuana Involved in the Conspiracy

2. With respect to KEVIN BOLES, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

3. With respect to RITA ARAMYAN, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

4. With respect to ANDRA SUDLER, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 1000 kilograms or more, punishable under Title 21,

United States Code, Section 841(b)(1)(A).

5. With respect to DEVONTE BOLES, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

6. With respect to SULTAN SAYEGH, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

7. With respect to NADER ZANNAD, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

8. With respect to DESTIN WHITE, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

9. With respect to MELANIE GUY, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

10. With respect to ASHLEY PARE, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other

conspirators reasonably foreseeable to her, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

11. With respect to BRAYHONNA HARRIS, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

12. With respect to JUSTINE BARBOZA, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

13. With respect to DYMOND GOODS, the amount of marijuana involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 100 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(B).

14. With respect to KEVORK ELROUMI, the amount of marijuana involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1000 kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A).

MEANS AND MANNER OF THE CONSPIRACY

15. Defendant KEVIN BOLES created and managed a large scale marijuana trafficking organization that operated throughout the United States.

16. It was part of the conspiracy that KEVIN BOLES and his organization acquired multi-kilogram amounts of marijuana from sources of supply, to include Defendants KEVORK

ELROUMI and SULTAN SAYEGH, in Las Vegas, Nevada. KEVIN BOLES and his organization then distributed the bulk marijuana to various destination cities across the United States, to include St. Louis, Missouri within the Eastern District of Missouri.

17. KEVIN BOLES used couriers, including Defendants RITA ARAMYAN, ANDRA SUDLER, MELANIE GUY, ASHLEY PARE, BRAYHONNA HARRIS, JUSTINE BARBOZA, and DYMOND GOODS, to deliver the bulk marijuana by having them fly to the destination cities, including St. Louis, Missouri, via commercial airlines while carrying luggage with the bulk marijuana concealed inside. Once arrived, the couriers delivered the luggage concealing the bulk marijuana to distributors in the destination city.

18. Defendants NADER ZANNAD and DESTIN WHITE partnered with KEVIN BOLES in the distribution of bulk marijuana to St. Louis, Missouri and other places. At certain times, NADER ZANNAD and DESTIN WHITE managed the distribution of bulk marijuana in St. Louis, Missouri and other destination cities, accompanied couriers to ensure the bulk marijuana was delivered, and performed other tasks.

19. KEVIN BOLES enlisted RITA ARAMYAN, ANDRA SUDLER, and DEVONTE BOLES to perform other jobs in the marijuana trafficking organization, to include recruiting couriers, booking flights for couriers, supplying couriers with the marijuana to be delivered, operating "stash" houses for storing bulk marijuana, and transporting bulk marijuana from sources of supply in California to KEVIN BOLES in Las Vegas, Nevada.

## COUNT TWO
### (18 U.S.C. § 1956)

The Grand Jury further charges that:

20. Beginning at a time unknown, but including April 2013 and continuing thereafter

to the date of this Indictment, in the Eastern District of Missouri, the District of Nevada, and elsewhere,

> KEVIN BOLES a/k/a "KEV,"
> RITA ARAMYAN,
> ANDRA SUDLER,
> DEVONTE BOLES a/k/a "LIL CUZ,"
> NADER ZANNAD,
> DESTIN WHITE a/k/a "YOWDA,"
> MELANIE GUY,
> ASHLEY PARE,
> BRAYHONNA HARRIS,
> JUSTINE BARBOZA a/k/a "JUSTIN,"
> DYMOND GOODS
> SULTAN SAYEGH,
> RAJAYEE SAYEGH, and
> ELI ABRAHAM

the defendants herein, did knowingly combine, conspire, and agree with each other, JUAN CHASE, and with other persons known and unknown to the Grand Jury to commit offenses against the United States, to wit: to knowingly conduct and attempt to conduct financial transactions affecting interstate or foreign commerce designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, which transactions involved the proceeds of specified unlawful activity, that is, to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance; and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of in violation of Title 18, United States Code, Section 1956(h).

MANNER AND MEANS OF THE CONSPIRACY

21. Paragraphs 15 to 19 are incorporated as if fully alleged herein.

22. It was part of the money laundering conspiracy that proceeds were collected after the bulk marijuana was delivered and distributed in the destination cities, to include St. Louis, Missouri within the Eastern District of Missouri.

23. It was part of the money laundering conspiracy that the marijuana proceeds were packed and concealed inside luggage in the destination cities, to include St. Louis, in order to hide and disguise the nature, location, source, ownership, and control of the proceeds. NADER ZANNAD, DEVONTE BOLES, DESTIN WHITE, RITA ARAMYAN, ANDRA SUDLER, MELANIE GUY, ASHLEY PARE, BRAYHONNA HARRIS, JUSTINE BARBOZA, and DYMOND GOODS obtained the luggage with the proceeds inside then delivered the proceeds to KEVIN BOLES and his marijuana trafficking organization in Las Vegas, Nevada.

24. It was further part of the money laundering conspiracy that KEVIN BOLES enlisted RITA ARAMYAN, ANDRA SUDLER, and DEVONTE BOLES to utilize gift cards or "Vanilla Visa" cards, purchased at the direction of KEVIN BOLES with proceeds derived at least in part from the sale of marijuana, to purchase airline tickets for themselves, couriers, and other co-conspirators in order to facilitate the delivery of the marijuana and the return delivery of marijuana proceeds to KEVIN BOLES and the marijuana trafficking organization.

25. It was further part of the money laundering conspiracy that KEVIN BOLES, DESTIN WHITE and NADER ZANNAD purchased airline tickets with proceeds derived at least in part from the sale of marijuana for themselves and couriers to facilitate the delivery of marijuana to destination cities and the return delivery of proceeds to Las Vegas, Nevada.

26. It was further part of the money laundering conspiracy that KEVIN BOLES laundered proceeds acquired through the sale of marijuana in St. Louis, Missouri and other places by purchasing real estate located in Las Vegas, Nevada. RITA ARAMYAN and ANDRA SUDLER acted as nominee, or "straw" purchasers of the properties for KEVIN BOLES in order to conceal and disguise the true owner of the properties, and therefore the nature, location, source, ownership, and control of the funds used to purchase the properties.

27. It was further part of the money laundering conspiracy that KEVIN BOLES laundered proceeds acquired through the sale of marijuana in St. Louis, Missouri and other places through his entities Rapid Laser Med Spa and Med Spa Management. Med Spa Management ostensibly acted as the holding entity for Rapid Laser Med Spa which provides cosmetic laser treatments and spa services. KEVIN BOLES used a family relation, identified herein as PERSON 1, to act as the nominee owner for his interest in these entities. KEVIN BOLES, SULTAN SAYEGH, and PERSON 1, deposited or caused to be deposited marijuana proceeds into bank accounts affiliated with Rapid Laser Med Spa, intermingling the marijuana proceeds with legitimate funds generated by the business so as to conceal the true nature, source, and owner of the funds.

28. It was further part of the money laundering conspiracy that KEVIN BOLES, SULTAN SAYEGH, and RAJAYEE SAYEGH laundered proceeds acquired through the sale of marijuana in St. Louis, Missouri and other places by purchasing laser equipment used at Rapid Laser Med Spa so as to conceal and disguise the nature, location, source, ownership, and control of the marijuana proceeds.

29. It was further part of the money laundering conspiracy that RAJAYEE SAYEGH provided to KEVIN BOLES false tax documents in order to provide KEVIN BOLES the

appearance of a legitimate source of income.

30. It was further part of the money laundering conspiracy that KEVIN BOLES, with the help of SULTAN SAYEGH, laundered proceeds acquired through the sale of marijuana in St. Louis, Missouri and other places by purchasing a 2016 Lamborghini Aventador Perelli Edition so as to conceal and disguise the nature, location, source, ownership, and control of the marijuana proceeds. ELI ABRAHAM acted as a nominee, or "straw" purchaser of the 2016 Lamborghini Aventador Perelli Edition in order to conceal and disguise the true owner of the vehicle, and therefore the nature, location, source, ownership, and control of the funds used to purchase it.

## COUNT THREE
## (18 U.S.C. § 1952)

The Grand Jury further charges that:

31. On or about September 20, 2017, in the Eastern District of Missouri and elsewhere, the defendant

**RITA ARAMYAN,**

did knowingly and intentionally attempt to travel in interstate commerce between the State of Missouri and the State of Nevada with the intent to:

a) distribute the proceeds of an unlawful activity, that is the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and money laundering in violation of Title 18, United States Code, Section 1956(L), and

b) promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is the distribution of controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and money laundering in violation of Title 18, United States Code, Section 1956(L),

and thereafter did perform and attempted to perform acts to distribute the proceeds of such unlawful activity and promote, manage, establish, and carry on, and to facilitate the promotion, management, establishment, and carrying on of said unlawful activity.

All in violation of Title 18, United States Code, Sections 1952(a)(1) and 1952(a)(3), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code Section 853(a), upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as set forth in Count One, the defendants listed shall forfeit to the United States of America any property, real and personal, constituting or derived from any proceeds obtained directly or indirectly as a result of said offenses, and any property used, or intended to be used, in any manner or part to commit or facilitate the commission of said offenses.

2. Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Sections 1956 or 1957, as set forth in Count Two, the defendants listed shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property.

3. Subject to forfeiture is a sum of money equal the total value of any property, real or personal involved in transactions or attempted transactions in furtherance of the offenses charged in Counts One through Three.

4. Specific property subject to forfeiture includes, but is not limited to, the following:

    a. a 2017 Lumenis Accupulse, Serial Number: 1684;

    b. a 2017 Lumenis M22, Serial Number: 20665;

c. a 2017 Lumenis GeneO, Serial Number: GPDA160062;

d. a 2017 Lumenis Legend, Serial Number: IMO1600059;

e. a Plumsate Smoke Evacuation System, Serial Number: 503246; and

f. a 2017 Lumenis Focus Medical Natural Lase PiQo4, Serial Number: 117073P24505;

g. 2016 Lamborghini Aventador, VIN: ZHWUR1ZDXGLA04692;

h. 14kt yellow gold diamond link style necklace. 43.18 total karats in diamonds;

i. 14kt rose gold chain,

j. 10kt tri-color figarope style chain;

k. 14kt rose gold continuous diamond necklace with 63.6 karats of diamonds;

l. 14kt white gold continuous diamond necklace with 60.5 karats of diamonds;

m. 18kt yellow gold Audemars Piguet Royal Oak Offshore chronograph watch w/40kt of diamonds;

n. 14kt yellow gold diamond tennis 6" bracelet with 30-40kt diamonds;

o. 18kt yellow gold Rolex Sky Dweller Watch;

p. 18kt white gold Rolex Sky Dweller watch with 40.5kt of diamonds;

q. 18kt rose gold and steel Patek-Phillipe Nautilus Collection watch w/ 30 karats of diamonds;

r. 18kt yellow gold diamond ring with 3.15 diamond center and a total of 12.71 karats of diamonds;

  s.  14kt rose gold diamond ring with a total weight of 14.7 grams;

  t.  14kt yellow gold diamond eternity ring with 6.58kts of diamonds;

  u.  7755 Spanish Bay, Las Vegas Nevada;

  v.  4919 Newport Cove Unit B Las Vegas Nevada;

  w.  9872 Villa La Mora, Las Vegas Nevada;

  x.  U.S. Bank Account in the name of Rapid Medical Spa, LLC ending in 99945; and

  y.  U.S. Bank Account in the name of Med Spa Management, LLC ending in 99820.

5. If any of the property described above, as a result of any act or omission of the defendants:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.


_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
Stephen Casey #58879MO
Assistant United States Attorney

13